## Ex Parte Bud Smith.

1. HABEAS CORPUS. *Misdemeanant. Commitment to circuit court.*

    A defendant, charged with a misdemeanor, who has been bound over to the circuit court by a committing magistrate, and imprisoned for default in making the required bond, cannot maintain a writ of habeas corpus to secure a remand of his case to the magistrate for trial.

2. JUSTICE OF THE PEACE. *Criminal procedure. Assault and battery. Death of injured party.*

    Where a defendant is charged, before a justice of the peace, with an assault and battery, and it appears that the death of the injured party resulted from defendant's blows, it is not improper, but wise, for the magistrate to bind the defendant over to await the action of the grand jury.

3. BAIL. *Excessive. Aggravated assault and battery.*

    A bond in the sum of $500 is not excessive, where the defendant is charged with an aggravated assault and battery, resulting in death, although he be guilty only of assault and battery, since that crime may be punished by a fine equal to said sum and six months' imprisonment.

FROM the circuit court of Washington county.

HON. FRANK E. LARKIN, Judge.

The case was a habeas corpus proceeding instituted by Bud Smith, which was tried in the circuit court and the writ there denied. Smith appealed to the supreme court. The opinion fully states the case.

*C. J. Jones,* for the appellant.

The appellant makes but one point. He was charged with a misdemeanor, and, under the facts, could have been guilty only as charged. The justice of the peace ought to have tried him upon the charge preferred, and had no power in law to refuse

to try him, or to bind him over to the circuit court. Think of the great injustice to appellant that was done. If he had been tried and convicted, he could only have been punished by fine and imprisoment, and, if no appeal were prosecuted, he could have begun the service of his sentence at once. As it is, being unable to give the bond required, appellant is confined in jail from the date of his commitment until the meeting of the circuit court, before trial, and is then, if convicted in that court, subject to as great a sentence as he would have been had he been promptly tried by the justice of the peace. Appellant was entitled to a speedy trial. This was denied. He has been imprisoned before trial, and is liable to suffer two penalties— two terms of imprisonment—for the same offense.

*Monroe McClurg*, attorney-general, *contra*.

The action of the magistrate was authorized by law. Code 1892, § 2424. In this case it was wise. Appellant cannot be discharged. Burke's case, 58 Miss., 50; *Ex parte Grubbs*, *ante*, 358.

Terral, J., delivered the opinion of the court.

Bud Smith, for the commission of an aggravated assault and battery, was, by a justice of the peace of Washington county, bound over to the circuit court in the sum of $500, and, failing to give said bond, he was given into the custody of the sheriff of said county. He brings this suit of habeas corpus, and asks that his case be remanded to the justice of the peace for trial, and, if that prayer be not granted, that his bail bond be reduced.

The perfect propriety of the action of the justice of the peace will be best shown by a relation of the facts. Bud Smith was prosecuted before Justice of the Peace Basket upon an affidavit charging that Smith, in said county, on the twenty-first day of September, 1901, "did commit an assault and battery on one Richard Slayton, by beating him with his fist and kicking him in

the stomach, thereby causing the death of said Slayton, against the peace and dignity of the State of Mississippi.'' The evidence showed that Smith claimed that Slayton owed him a dime, which Slayton agreed to pay, and went to get the money. He did not return immediately, but fell into a conversation with Sanders, where Smith, going in search of him, found him, and, going up behind him, without saying a word, struck him with his fist on the back of the head, turned him around, fought him some fifteen or twenty minutes, when he hunched him in the stomach with his knee, and of the injuries Slayton soon died.

We know of no law that would authorize a chancellor or circuit judge, by writ of habeas corpus or other process, to compel a justice of the peace, who had bound over to the circuit court a person for, even, a simple misdemeanor, to take jurisdiction anew and make a final trial of the case. If the justice of the peace, for any cause, should decline to try a person duly charged before him with a misdemeanor, but, instead, should bind him for his appearance to the circuit court, it would be a matter for which complaint by habeas corpus may not be made. In the serious matter here presented to Justice Basket, which, under a proper indictment therefor, would subject Smith to the charge of murder, and to a trial for such crime, it was but common prudence, on his part, to bind the offender to the circuit court, where the charge can be settled under the advice of learned counsel. The offense of assault and battery may be punished with a fine of $500 and six months' imprisonment in jail, and, if Smith be guilty of assault and battery only, the bond required is not excessive.

*Affirmed.*